**WO** JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Custodio Sanchez Lugo,<br>　　　　Petitioner,<br>vs.<br>Michael Chertoff, et al.,<br>　　　　Respondents. | No. CV 08-0249-PHX-SMM (JJM)<br>**ORDER** |

Petitioner Custodio Sanchez Lugo, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition will be dismissed with leave to amend.

**I.　Petition**

Petitioner is a native and citizen of Mexico who entered the United States in 1968. In 1987, Petitioner was convicted of committing a lewd and lascivious act with a child under fourteen years of age in violation of § 288(a) of the California Penal Code. Petitioner was sentenced to five years probation. On July 30, 1996, Petitioner was sentenced to three years imprisonment for violation of his California probation.

On May 12, 1996, Petitioner was granted lawful permanent resident status. On July 28, 2006, Petitioner was taken into custody by the Department of Homeland Security (DHS) and held in detention under 8 U.S.C. § 1226. The DHS charged that Petitioner was removable under 8 U.S.C. § 1227(a)(1)(A) as an alien who was inadmissible under then-existing law when his status was adjusted. The DHS alleged that Petitioner was inadmissible

**JDDL**

1  under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien who has been convicted of a crime of moral
2  turpitude and under 8 U.S.C. § 1182(a)(6)(C)(i) as an alien who procured admission into the
3  United States by fraud or by willfully misrepresenting a material fact.  Petitioner alleges that
4  his immigration proceedings are still pending before an Immigration Judge (IJ).

5  On October 3, 2006, following a bond redetermination hearing, the IJ denied
6  Petitioner's request for release from custody.  On December 15, 2006, the Board of
7  Immigration Appeals (BIA) affirmed the IJ's bond determination.  On February 7, 2007, the
8  IJ denied Petitioner's second request for a bond redetermination hearing.  In his Petition for
9  Writ of Habeas Corpus filed with this Court, Petitioner contends that the IJ "abused his
10 discretion in weighing the proper factors to be considered in determining whether [Petitioner
11 should be released on bond]."  (Doc. #1 at 7-8.)

12 **II.     Summary Dismissal**

13 The Rules Governing Section 2254 Cases may be applied to habeas corpus petitions
14 other than those brought under 28 U.S.C. § 2254.  See Rule 1(b), Rules Governing Section
15 2254 Cases.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, promptly after
16 the filing of a petition for habeas corpus, the Court must undertake a preliminary review of
17 the petition to determine whether "it plainly appears from the face of the petition and any
18 attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4,
19 Rules Governing Section 2254 Cases; see also 28 U.S.C. § 2243 ("A . . . judge entertaining
20 an application for a writ of habeas corpus shall forthwith award the writ or issue an order
21 directing the respondent to show cause why the writ should not be granted, *unless it appears*
22 *from the application that the applicant or person detained is not entitled thereto*.") (emphasis
23 added).  If the Petitioner is not entitled to relief, the petition must be summarily dismissed
24 under Rule 4.  Obremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (affirming district
25 court's summary dismissal as a matter of law, but relying upon Rule 4 rather than Rule
26 12(b)(6)).  Notice pleading is insufficient — the pleader must "state facts that point to a 'real
27 possibility of constitutional error.'"  Obremski, 915 F.2d at 420 (quoting Blackledge v.
28 Allison, 431 U.S. 63, 75 n. 7 (1977)).

1   Under Rule 4, district courts must take "an active role in summarily disposing of
2   facially defective petitions." Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). This
3   summary dismissal power, however, is not without limits. Id. at 1128. A court must give
4   a petitioner notice and an opportunity to respond to the argument for dismissal. Id.; accord
5   Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). Because the Court finds that
6   Petitioner's application is facially defective, the Petition will be dismissed with leave to file
7   an amended petition within thirty days.

**III.    Habeas Corpus Jurisdiction Over Discretionary Decisions**

The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). But "[t]he scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that allege constitutional or statutory error." Singh v. Ashcroft, 351 F.3d 435, 439 (9th Cir. 2003). Habeas corpus jurisdiction does not extend to review of purely discretionary administrative decisions. Gutierrez-Chavez v. INS, 298 F.3d 824, 828 (9th Cir. 2002). While the writ of habeas corpus is available to claim that the INS exercised its discretion in violation of federal law or the Constitution, it "is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it . . . exercise[d] its discretion." Id.

Petitioner does not claim that the decision to detain him somehow violated constitutional or statutory law. Rather, Petitioner's sole claim for relief is that the "Immigration Judge *abused his discretion* in weighing the proper factors to be considered in determining" whether to release him on bond. (Doc. #1 at 7-8) (emphasis added). The Court lacks habeas corpus jurisdiction to consider Petitioner's claim that the IJ abused his

1  discretion in refusing to release him on bond.  See Gutierrez-Chavez, 298 F.3d at 828.
2  Accordingly, the Petition will be dismissed with leave to file an amended petition.

3  The Clerk will be directed to enter a judgment of dismissal of this action if Petitioner
4  fails to timely file an amended petition correcting the deficiencies identified in this Order.
5  Because Respondents have been served, but have not yet appeared in this action, the Clerk
6  will also be directed to mail the United States Attorney for the District of Arizona an
7  informational copy of this Order.

8  **IT IS THEREFORE ORDERED:**

9  (1)  The Petition (Doc. #1) is **dismissed** with leave to amend.  Petitioner must file
10  an amended petition within 30 days of the date this Order is filed.

11  (2)  That the Clerk of Court must enter a judgment of dismissal of this action,
12  without prejudice and without further notice to Petitioner, if Petitioner fails to file an
13  amended petition within 30 days of the date this Order is filed.

14  (3)  That the Clerk of Court must mail a copy of this Order to the United States
15  Attorney for the District of Arizona, to the attention of Ronald R. Gallegos.

16  DATED this 28th day of April, 2008.

Stephen M. McNamee
United States District Judge